**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL E. MOCKOVAK,

Petitioner-Appellant,

v.

RON HAYNES,

Respondent-Appellee.

No.    21-35634

D.C. No. 2:18-cv-00671-JLR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted June 7, 2022[**]
Seattle, Washington

Before:  GILMAN,[***] IKUTA, and MILLER, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Michael Mockovak appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

The Washington Court of Appeals's determination that Mockovak's trial counsel did not render ineffective assistance of counsel by (a) failing to investigate whether Mockovak's history of childhood abuse rendered him more susceptible to entrapment, and (b) failing to introduce such evidence at trial (i.e., a defense of "learned helplessness"), was not an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). Even assuming that the state habeas court's determination that trial counsel's performance was not deficient was an unreasonable application of *Wiggins v. Smith*, 539 U.S. 510 (2003), and *Sears v. Upton*, 561 U.S. 945 (2010),[1] the state habeas court could reasonably conclude that any deficiency by Mockovak's counsel was not prejudicial, given the "extensive evidence that Mockovak initiated discussions with Kultin about hiring Russian hitmen," and Mockovak's response ("That sounds good") when Kultin told him that everything was in place for King's murder. *See Staten v. Davis*, 962 F.3d 487, 495, 497 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1502 (2021).

---

[1] Because we make this assumption, we do not reach Mockovak's additional arguments regarding the deficiency prong of the *Strickland* analysis.

We reject Mockovak's argument that the state habeas court conflated *Strickland*'s deficiency and prejudice prongs and failed to consider the totality of the evidence in its prejudice analysis. The court separated its prejudice analysis from its deficiency analysis, considered the learned helplessness evidence that Mockovak claimed should have been presented, and determined that Mockovak did not show a reasonable probability that such evidence would have changed the outcome of his trial.

**AFFIRMED.**